IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE HARRISON,

      Plaintiff,

v.                                                    Case No. 4:22-cv-366-AW-MAF

RICKY DIXON,

      Defendant.

_____/

## ORDER OF DISMISSAL

Willie Harrison, a pro se inmate, sued the Secretary of Florida's Department of Corrections. ECF No. 1. He claims a new prison policy violates his First Amendment rights by limiting his access to religious materials. *Id.* The Secretary moved to dismiss for failure to exhaust under the PLRA, contending that Harrison did not take all steps to exhaust under the prison grievance process. ECF No. 23. The Secretary alternatively contended that Harrison also had to initiate a rule challenge because the challenged practice was governed by an administrative rule. *Id.*

The magistrate judge issued a report and recommendation concluding dismissal is appropriate. ECF No. 31. Harrison filed an objection (ECF No. 34), and I have considered de novo the issues he raised.

Consistent with the report and recommendation, I conclude Harrison did not fully exhaust through the prison grievance process. *See Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) (requiring an inmate who wishes to complain of a

confinement condition to file an informal grievance, a formal grievance, and an appeal (citing Fla. Admin Code §§33-103.001-103.019)). In sum, Harrison filed two separate claims, starting with informal grievances dated July 4 and July 18. ECF No. 34 at 5-6. He then filed a formal grievance for the July 4 claim but not an appeal, and an appeal for the July 18 claim but not a formal grievance. *Id.* at 8-10; ECF No. 23-5. Harrison asserts he intended to file both the formal grievance and appeal for the July 18 claim, and he now attempts to rectify the confusion by attaching the grievances to his objection. *See* ECF No. 30 at 6-7; ECF No. 34. But this does not change the fact that neither grievance was fully exhausted through the prison grievance process.

This alone warrants dismissal. I do not reach the separate issue of whether Harrison had to initiate a rule challenge. At the least, he had to exhaust as to his grievance.

I now adopt the report and recommendation and incorporate it into this order.[1] The Secretary's motion (ECF No. 23) is GRANTED. The clerk will enter a judgment that says, "This case is dismissed without prejudice for failure to exhaust under the Prison Litigation Reform Act." The clerk will then close the file.

---

[1] I do not incorporate the discussion about *Iqbal* on pages four and five. The Rule 12(b)(6) standard is not implicated here.

2

SO ORDERED on September 27, 2023.

s/ *Allen Winsor*
United States District Judge